UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN W. BELLAMY,

       Plaintiff,                                    Case No: 1:13-cv-333

v                                                  HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

## OPINION AND ORDER

       Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration denying his claim for disability insurance benefits (DIB) and Supplemental Security Income (SSI). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court affirm the decision of the Administrative Law Judge (ALJ) rendered on behalf of the Commissioner. The matter is presently before the Court on Plaintiff's four objections to the Report and Recommendation. Defendant did not file a response to the objections. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of the portions of the Report and Recommendation to which Plaintiff objects. The Court denies the objections and enters this Opinion and Order.

       The ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff argued that the decision should be overturned based on the following purported errors committed by the ALJ:

       I.     ALJ PROTHRO GAVE NO VALID REASONS FOR REJECTING PLAINTIFF'S REPORTED SYMPTOMS AND LIMITATIONS;

      II.    ALJ PROTHRO OVERLOOKED PLAINTIFF'S WORK HISTORY;

      III.     ALJ PROTHRO'S RFC CONTRADICTS HIS OWN FINDINGS;

      IV.     ALJ PROTHRO GAVE NO VALID REASON TO REJECT TREATOR [sic] PALMITIER'S RESTRICTIONS

(Dkt 20 at 4). The Magistrate Judge rejected all four of Plaintiff's arguments. In his objections to the Magistrate Judge's Report and Recommendation, Plaintiff presents the same four purported errors by the ALJ for this Court's review, adding the sentence that "[t]he U.S. Magistrate erred by failing to recognize these errors by ALJ Prothro" (Dkt 28 at 2). However, Plaintiff's objections do not demonstrate any factual or legal error by the Magistrate Judge in her review of the ALJ's decision.

Turning to Plaintiff's first objection, the Magistrate Judge properly set forth the standard for evaluating a claimant's assertions of pain and limitations, emphasizing that so long as an ALJ's determination is supported by substantial evidence, "it must stand" (R&R, Dkt 27 at 12-13). The Magistrate Judge excerpted the ALJ's credibility analysis, concluding that the ALJ's observations and conclusions concerning Plaintiff's credibility "are supported by substantial evidence and comply with the standard articulated above" (*id.* at 14-15). Plaintiff contends that the Magistrate Judge erred in failing to address whether Plaintiff's complaints were inconsistent with the substantial evidence in this case, a standard that Plaintiff argues applies to credibility determinations (Objs., Dkt 28 at 8). According to Plaintiff, "none of the reasons given by ALJ Prothro satisfy the essential prerequisite to an ALJ's rejecting Plaintiff's complaints (a material inconsistency)" (*id.*).

Plaintiff misapprehends the Magistrate Judge's standard of review. The Magistrate Judge was not required to determine whether Plaintiff's complaints were consistent with the substantial evidence in this case. Rather, the Magistrate Judge was required to determine whether the ALJ's credibility determination was supported by substantial evidence. *See generally Ritchie v. Comm'r*

*of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir. 2013); *Payne v. Comm'r of Soc. Sec.*, 402 F. App'x 109, 112-16 (6th Cir. 2010). Plaintiff's first objection is therefore denied.

Plaintiff's second objection, which concerns his work history, also lacks merit. The Magistrate Judge rejected Plaintiff's argument that the ALJ had "overlooked" his work history, specifically rejecting Plaintiff's assertion that the ALJ overlooked Plaintiff's difficulty performing his past relevant work (R&R, Dkt 27 at 15-16). The Magistrate Judge found that the ALJ instead "expressly determined that Plaintiff was unable to perform his past relevant work thus acknowledging the difficulties Plaintiff experienced performing such" (*id.* at 16).

Plaintiff argues that the Magistrate Judge erred in concluding that the ALJ complied with the mandate to consider all of Plaintiff's work history, including Plaintiff's unsuccessful attempts to return to work that might not qualify as substantial gainful activity (SGA), 20 C.F.R. § 404.1572(a) (Objs., Dkt 28 at 14). Plaintiff opines that "it would be speculative to infer that the ALJ *also* considered the claimant's past *non*-SGA" (*id.*) (emphases in original).

The ALJ was required to determine at step one of the five-step sequential process for evaluating disability whether Plaintiff was engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(*i*), 416.920(a)(4)(*i*). The ALJ found that although Plaintiff worked after the alleged disability onset date, the work activity did not rise to the level of substantial gainful activity; therefore, the ALJ proceeded to the subsequent steps in the evaluative process (Dkt 15-2 at 34-35). Plaintiff's argument does not demonstrate any factual or legal error by the Magistrate Judge in concluding that the ALJ properly considered Plaintiff's work history. Plaintiff's second objection is therefore denied.

Plaintiff's third objection concerns the ALJ's residual functional capacity (RFC) determination, which was as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except the claimant may occasionally crawl and should avoid concentrated exposure to unprotected heights and dangerous machinery. The claimant may occasionally reach overhead bilaterally. He must avoid static positioning of his neck and he cannot perform commercial driving or extensive computer usage. Due to the claimant's mental impairments and symptoms affecting concentration, he is limited [to] unskilled work.

(Dkt 15-2 at 37). Plaintiff argued that the ALJ's RFC fails to sufficiently account for the limitations he experiences with respect to concentration, persistence, and pace. The Magistrate Judge disagreed, finding unpersuasive Plaintiff's argument that his moderate limitations with respect to concentration, persistence, and pace are inconsistent with unskilled work (R&R, Dkt 27 at 16, citing *Lewicki v. Comm'r of Soc. Sec.*, No. 09–11844–BC, 2010 WL 3985375, at *2-3 (E.D. Mich., Sept. 30, 2010)).

In his objection to the Report and Recommendation, Plaintiff reiterates his argument that "[e]ven if there were substantial evidentiary support for the ALJ's RFC finding, that would not justify an RFC finding that *contradicts* the ALJ's *other* findings" (Objs., Dkt 28 at 15 n.6) (emphases in original). According to Plaintiff, the Magistrate Judge erred in relying on an unpublished case that "fails to recognize reality (i.e., that there are unskilled jobs that must be done at a quick pace and/or require persistence and/or require concentration)" (*id.* at 15-16).

The district court in *Lewicki* did not fail to recognize the "reality" Plaintiff describes but cited cases for the sound proposition that "[d]ecisions in this district reflect the conclusion that a moderate impairment in concentration, persistence, and pace *does not necessarily* preclude simple, routine, unskilled work." 2010 WL 3985375, at *2-3 (emphasis added). Plaintiff's objection lacks

merit because it does not demonstrate that the Magistrate Judge erred in concluding that the ALJ's RFC adequately accounts for Plaintiff's particular non-exertional limitations. Plaintiff's third objection is therefore denied.

Last, Plaintiff's fourth objection concerns the weight afforded to the opinions of his treating physician, Randal Palmitier, M.D. Dr. Palmitier opined that (1) Plaintiff "will be most provoked by static postures, just sitting, and driving in particular," and (2) "there is no[t] much he could do for gainful employment" (Dkt 15-2 at 41). The ALJ found "reasonable, credible, and consistent with the overall medical evidence" Dr. Palmitier's opinion that static postures and driving should be prohibited; however, the ALJ rejected as "impermissible" and "not consistent" Dr. Palmitier's prohibition against all work activity (*id.*). In recommending affirmance of the ALJ's decision, the Magistrate Judge found that the ALJ correctly concluded that Dr. Palmitier's opinion that Plaintiff experienced "work-preclusive limitations" with respect to his ability to sit or concentrate is "inconsistent with the evidence and Plaintiff's reported activities" (*id.* at 19).

In his objection to the Report and Recommendation, Plaintiff asserts that the Magistrate Judge "mischaracterized" the ALJ's findings (Objs., Dkt 28 at 17-18). According to Plaintiff, "the Magistrate used ALJ Prothro's reasons for rejecting *one* of Dr. Palmitier's opinions (i.e., the latter's conclusory opinion that Plaintiff cannot work) as a fig leaf to cover the fact that ALJ Prothro gave *no* reason for rejecting *another* of Dr. Palmitier's opinions (i.e., that Plaintiff cannot sit)" (*id.* at 18) (emphases in original).

Plaintiff's argument lacks merit. The Magistrate Judge, in choosing the phrase "work-preclusive limitations," did not inaccurately combine Dr. Palmitier's opinions and therefore did not, contrary to Plaintiff's assertion, uphold the ALJ's decision on a basis different from the

basis articulated by the ALJ.  Rather, the Magistrate Judge accurately enunciated the standard of review and properly determined that the ALJ's weighing of Dr. Palmitier's opinions is supported by substantial evidence in the record.  Plaintiff's fourth objection is therefore denied.

In sum, Plaintiff's objections reveal no error by the Magistrate Judge requiring a disposition other than the affirmance recommended by the Magistrate Judge.  Accordingly:

**IT IS HEREBY ORDERED** that the Objections (Dkt 28) are DENIED, the Report and Recommendation of the Magistrate Judge (Dkt 27) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.  A Judgment will be entered consistent with this Opinion and Order.


Dated: July 9, 2014                                 /s/ Janet T. Neff
                                                              JANET T. NEFF
                                                              United States District Judge